UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**RODRIECH NYUGAB NKARAKWI**  **DOCKET NO. 6:23-CV-0901**
**A206-268-391**  **SECTION P**

**VERSUS**  **JUDGE ROBERT R. SUMMERHAYS**

**U.S. IMMIGRATION & CUSTOMS**  **MAGISTRATE JUDGE WHITEHURST**
**ENFORCEMENT**

**ORDER**

Before the court is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Rodriech Nyugab Nkarakwi. Petitioner is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). Petitioner alleges that his continued detention is unconstitutional under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) and requests immediate release from detention.

Petitioner also requests that this Court order the respondent to file its response to this petition within three days, which the Court construes as a Motion to Show Cause. Doc. 1, p. 2. The Court notes that the strict time limit prescribed by 28 U.S.C. § 2243 is subordinate to the Court's discretionary authority to set deadlines under Rule 41 of the Rules Governing § 2254 Cases. *See Romero v. Cole*, No. 1:16-cv148, 2016 WL2893709, at *2 & n.4 (W.D. La. Apr. 13, 2016), *report and recommendation adopted*, 2016 WL 2844013 (W.D. La. May 12, 2016) (collecting authority, including *Baker v. Middlebrooks*, 2008 WL 938725, at *1 (N.D. Fla. 2008) (allowing sixty days to respond to a § 2241 habeas petition); *McMullen v. Caldwell*, 2015 WL 1976402 (M.D. Ga. 2015); *Hendon v. Burton*, 2014WL 8186698 (E.D. Mich. 2014); *Oliphant v. Quiros*, 2010 WL 2011026 (D. Conn. 2010); *Hickey v. Adler*, 2008 WL 3835764, at *1 (E.D. Cal. Aug. 15, 2008) (allowing sixty days to respond to a § 2241 petition); *Castillo v. Pratt*, 162

-1-

F.Supp.2d 575, 576 (N.D. Tex. 2001) ("The discretion accorded by Rule 4 of the 2254 Rules 'prevails' over the strict time limits of 28 U.S.C. § 2243.")). This Court finds that "allowing respondent time to answer his petition—and conducting a full review of all available and pertinent evidence—is warranted commonplace according to the cases reviewed above, and reasonable under Rule 4." *Romero v. Cole*, supra at *2. Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Show Cause is **DENIED**.

In order to determine what action should be taken with respect to this petition,

**THE CLERK IS DIRECTED** to serve a summons, a copy of the petition (doc. 1) and a copy of this order by certified mail on the United States through the United States Attorney for the Western District of Louisiana, the United States through the United States Attorney General, U.S. Immigration and Customs Enforcement (DHS/ICE), the Director of ICE, and the Warden of the Pine Prairie ICE Processing Center in Pine Prairie, Louisiana.

**IT IS ORDERED** that the respondent file an answer to the petition within sixty days following the date of service. In the answer, the respondent shall provide the court with competent summary judgment evidence indicating whether there is a significant likelihood of removal in the reasonably foreseeable future or whether Petitioner's detention is otherwise lawful. This evidence shall include information regarding the length of time that he has been in post-removal-order custody, the date on which his removal order became final, any administrative decisions relating to Petitioner's request for bond, and all documents relevant to the efforts made by the immigration officials to obtain travel documents for Petitioner.

Respondents shall also file a memorandum of law briefing the issues raised in the answer and citing applicable statutory and case law. The memorandum should also address whether there

is a significant likelihood of removing Petitioner from the United States in the reasonably foreseeable future.

**IT IS FURTHER ORDERED** that Nkarakwi is allowed twenty (20) days following the filing of the respondent's answer in which he may file any response to produce contradictory summary judgment evidence[1] on the issue of the lawfulness of his detention.

**After the record is complete and all legal delays have run, the court will determine the necessity of an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will issue without further notice.**

**Petitioner's failure to comply with this order or to notify the court of any change in his address will result in a recommendation that his petition be dismissed without prejudice under LR 41.3.**

**THUS DONE** in Chambers this 12th day of July, 2023.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Summary judgment evidence consists of affidavits or unsworn declarations made in accordance with 28 U.S.C. § 1746, deposition testimony, answers to interrogatories, admissions, and sworn or certified copies of all papers referred to. All affidavits or unsworn declarations must comply with Rule 56(e). They shall be made on personal knowledge and set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein.