**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **RODRIECH NYUGAB NKARAKWI** | **CASE NO.  6:23-CV-00901 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **U.S. IMMIGRATION & CUSTOMS ENFORCEMENT** | **MAGISTRATE JUDGE WHITEHURST** |

**REPORT AND RECOMMENDATION**

Before the Court is Respondents' Motion to Dismiss the Petition for Writ of Habeas Corpus, pursuant to Federal Rule 12(b)(6), as moot.  [Rec. Doc. 14].  For the reasons set forth below, the undersigned recommends that Respondents' Motion To Dismiss be granted.

Petitioner, Rodriech Nuygab Nkwarakwi, a former ICE detainee, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on July 7, 2023.  Rec. Doc. No. 1.  In his Petition, Nkwarakwi challenged the constitutionality of his post-removal order detention and sought immediate release from DHS/ICE custody.  *Id*. at ¶¶ 5-6, 13, 15. On August 30, 2023, Petitioner was released from ICE custody.  *See* Government Exhibit A, Declaration of Jacques Metoyer, doc. 14-2, p. 1.

The release from custody renders Nkwarakwi's Petition for Writ of Habeas Corpus moot, as petitioner has demanded only his immediate release through these proceedings.  See *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999) ("[A] moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents.").

Based on the foregoing,

**IT IS RECOMMNEDED** that the Motion to Dismiss Pursuant to Federal Rule 12(b)(6) filed by the Government [Rec. Doc. 14], be **GRANTED**, the Petition for Writ of Habeas Corpus be **DISMISSED** without prejudice and that this proceeding be terminated.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

THUS DONE in Chambers on this 4th day of January, 2024.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**